## BARCLAY *vs.* MOORE.

1. Debt on a promissory note may be joined in the same action with debt on bond.

2. The assignee of a promissory note, being allowed by the statute to maintain such suit as the payee could have done, may bring an action of debt on it in his own name.

Error to the Circuit Court of Benton. Tried before the Hon. Thos. A. Walker.

RICE, for the plaintiff in error.

No counsel for the defendant.

PARSONS, J.—The plaintiff in error brought his action of debt in the Circuit Court against the defendant. The first count is upon a writing obligatory executed by the defendant to the plaintiff. The second count is founded on a promissory note made by the defendant to Henry L. Brown & Co., and which was endorsed by them to the plaintiff.

The defendant demurred to each count separately, and generally to the whole declaration, and the court sustained the demurrer.

1. There was no error in joining the count upon the promissory note with the count upon the writing obligatory.—1 Chitty's Plead. 200.

2. The promissory note was assignable under and assigned according to the statute; and it is an express part of the act that "the assignee may maintain such suit thereon as the obligee or payee could have done, whether it be debt, covenant, or assumpsit."—Clay's Digest, 383, § 12. Although the plaintiff was not the payee, but the endorsee of the note, yet the statute enabled him to bring the action of debt upon it, and he brought this action in his own right, as well in respect of the note as of the writing obligatory, and we think there was no error in joining the two counts. Looking to the counts separately, we can see no error in either to which a general demurrer can apply. The demurrers, therefore, should not have been sustained.— Let the judgment be reversed and the cause remanded.